# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 14-cv-7376 (FB)(RER)

———————————

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WAMU COMMERCIAL MORTGAGE SECURITIES TRUST 2007-SL3, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-SL3,

Plaintiff,

VERSUS

DIANE YHUN, *ET AL.*,

Defendants.

———————————

**Summary Opinion & Order**

———————————

**RAMON E. REYES, JR., U.S.M.J.**:

Before the Court is defendant Diane Yhun's motion to vacate entry of default and to dismiss the complaint, or in the alternative to file a late answer. (Dkt. Nos. 15-23). Senior United States District Judge Frederick Block referred the motion to me for decision. (Dkt. Entry dated 10/5/15). For the reasons which follow, the motion is granted in part and denied in part.

Vacatur of Entry of Default
& Late-Filed Answer

When determining whether there is "good cause" to vacate entry of default under Rule 55(c), a court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *Pecarsky v. Galaxiworld.com, Ltd.,* 249 F.3d 167, 171 (2d Cir. 2001). No one factor is dispositive. *E.g., Murray Eng'g, P.C. v. Windermere Props LLC*, No. 12 Civ. 0052, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2014). Because entry of default is generally disfavored and is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort," Meehan, 652 F.2d at 277, any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Brady v. W. Overseas Corp.*, No. 04–CV–2878, 2008 WL 4936875, at *4 (E.D.N.Y. Nov. 14, 2008).

It is arguable that the default was willful, or at the very least due to attorney neglect. In addition, there has been little to no

1

showing of a meritorious defense, defendant's contention that plaintiff lacks standing due to improper assignments of the note and mortgage cannot be taken seriously, at least on the current record. Nevertheless, plaintiff will suffer very little, if any, prejudice were default to be vacated. A receiver has already been appointed and is managing the property, collecting rents and paying the taxes and insurance.[1] There is no indication in the record that the value of the property is less than the amount currently owed under the note and mortgage. Any additional costs and fees under the note and mortgage incurred to date or hereafter can be recovered in a foreclosure sale if plaintiff is successful.

Given that default is a drastic remedy and the preference of the federal courts to resolve cases on their merits, the motion to vacate entry of default is granted. Because the motion to vacate entry of default has been granted, the motion to permit a late-filed answer is granted as well.

Motion to Dismiss

Yhun seeks dismissal of the complaint based almost entirely on two affidavits of Chuck Noell, a purported expert in reading and analyzing title reports. According to Noell there are several irregularities in the title history of the subject property, which he contends depart from the accepted practice of the industry. Included among them are several purportedly forged signatures of bank officials on various assignments. Based largely on these purported forgeries, Yhun argues that plaintiff lacks standing to pursue this action.

Even if Yhun is correct that there are forged signatures on the various assignments, that is not grounds to dismiss the complaint at this juncture. Notably, Yhun does not cite to the Federal Rule of Civil Procedure upon which she seeks dismissal. If it is under Rule 12, dismissal must be predicated on the complaint itself, not affidavits filed in connection with the motion. If it is under Rule 56, that time has not yet arrived as discovery has not been conducted. The Court is unwilling to dismiss a complaint based on the purported forged assignments when plaintiff has not been afforded the opportunity to complete discovery thereon.

Conclusion

Accordingly, defendant's cross motion is granted in part and denied in part. The Clerk of the Court is directed to vacate entry of default. The late-filed answer is allowed and the motion to dismiss is denied.

Order

The parties are directed to complete discovery under the following schedule: (1) fact discovery, including deposition, by June 3, 2016; (2) expert disclosures by July 1, 2016; (3) rebuttal expert disclosures by July 29, 2016; (4) expert depositions by August 26, 2016; (5) premotion letters are due on September 2, 2016, response are due on September 9, 2016.

**SO ORDERED**.

*Ramon E. Reyes, Jr.*
United States Magistrate Judge

Dated: March 14, 2016
　　　　Brooklyn, NY

---

[1] Defendant's belated attempt to undo the appointment of the receiver is rejected. The appointment of the receiver will continue until further notice.