UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
5316 CHURCH AVENUE LLC,

                Plaintiff,

  -against-                       **MEMORANDUM AND ORDER**
                                            Case No: 14-cv-07376(FB)(RER)
DIANE YHUN, THE CITY OF NEW
YORK PARKING VIOLATIONS
BUREAU, and RIKI DI LLC,

                Defendants.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff*                        *For the Defendant*
JASON A. NAGI                      ALICE A. NICHOLSON, ESQ.
Polsinneli PC                           26 Court Street, Suite 1307
600 3rd Avenue, 42nd Floor         Brooklyn, New York 11242
New York, New York 10016

**BLOCK, Senior District Judge:**

      Plaintiff 5316 Church Avenue, LLC ("Church") seeks to foreclose a mortgage on property at 5316 Church Avenue, Brooklyn, New York ("the Property") owned by Defendant Diane Yhun ("Diane"). The loan matured on March 1, 2014. Diane was unable to make the required payment. Church now seeks summary judgment ordering a foreclosure and sale. For the reasons below, Church's motion is DENIED without prejudice.

# I

The Court assumes the parties' familiarity with the facts and provides only a short overview. On February 6, 2007, Washington Mutual Bank, F.A. ("WaMu") made a loan to Diane in the original principle amount of $498,750.00 ("the Loan"), evidenced by a Promissory Note ("the Note") and secured by a mortgage (the "Mortgage") which granted a first-priority lien on the Property to WaMu. Section 3 of the Note required that "any and all unpaid principal and interest on this note shall be due and payable in full on March 1, 2014." When the loan matured, Diane was unable to pay, and this foreclosure action followed.

The Note was allegedly assigned twice – first on June 1, 2007 to U.S. Bank National Association, as Trustee for the Registered Holders of WAMU Commercial Mortgage Securities Trust 2007-SL3, Commercial Mortgage Pass-Through Certificates, Series 2007-SL3 ("the Trust"), and second on January 8, 2016 to Plaintiff Church. The details of these assignments are contested by Defendants. However, the Court need not reach that issue at this time because Plaintiff and its predecessor, the Trust, have failed to demonstrate that they have met a fundamental statutory requirement to foreclose – a filing of a valid notice of pendency.

**II**

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. App'x 30, 32 (2d Cir. 2012). Plaintiff has made out a prima facie case that these elements have been met.

However, the R.P.A.P.L. also sets forth procedural requirements for a mortgage foreclosure action. Relevant here is R.P.A.P.L. § 1331, which requires that "[t]he plaintiff, at least twenty days before a final judgement directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action . . . ." R.P.A.P.L. § 1331. In addition, the notice of pendency must be filed with a copy of the complaint, unless the complaint has already been filed in that county. *See* N.Y.C.P.L.R. § 6511(a).

Originally, the papers submitted by Church did not provide any evidence that the notice of pendency required by R.P.A.P.L. § 1331 had been filed. The Court requested supplemental briefing on this issue. Church responded by providing a copy of a lis pendens filed on February 27, 2015 with the King's County Clerk's Office. However, it did not include a copy of the Complaint, as required by N.Y.C.P.L.R. § 6511(a). Instead, the only attachment was a legal description of the property affected. Church has provided no other proof that the complaint was filed with the notice of pendency.

The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice and bind a purchaser by all proceedings taken in the action after such filing. *See* N.Y.C.P.L.R. § 6511(a). "[The New York Court of Appeals] has required strict compliance with the statutory procedural requirements" of the notice of pendency. *Richard J. Zitz, Inc. v. Pereria*, 965 F. Supp. 350, 354 (E.D.N.Y. 1997) (internal quotation marks omitted) (citing *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320-21 (1984)).

The failure to attach a complaint renders the notice of pendency "defective and void." *Chateau Rive Corp. v. Riverview Partners, LP, 2005*, 18 A.D.3d 492, 493 (2d Dep't 2005). Without a valid notice of pendency filed twenty days before a final judgment, Church has not complied with the statutory requirements of RPAPL § 1331. Therefore, Church's Motion for Summary Judgment must be denied without prejudice. *See Ditech Financial LLC v. Sterly*, 2016 WL 7429439, at *5 (N.D.N.Y. Dec. 23, 2016) (denying motion for default judgment because the plaintiff failed to file a complaint with the notice of pendency). Church may refile the motion once Church complies with the requirements of R.P.A.P.L. § 1331 and N.Y.C.P.L.R. § 6511(a). *See Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D.2d 208, 212 (2d Dep't 1989) (holding that successive notices of pendency may be filed when prosecuting a foreclosure action to final judgment).

## III

Church's motion for summary judgment is denied. The Court further orders that the Clerk of Kings County in the State of New York vacate the notice of pendency filed on February 27, 2015. Church shall serve a copy of this Memorandum and Order on the Clerk of Kings County in the State of New York by Certified Mail and file proof of service on the docket. Church is permitted to resubmit this motion for summary judgment once it can demonstrate that it has filed a proper notice of pendency.

**SO ORDERED**

                                                  /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
September 22, 2017